

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC OVERSTREET, §
 §
 Movant, §
 §
VS. § NO. 4:18-CV-601-A
 § (NO. 4:16-CR-021-A)
UNITED STATES OF AMERICA, §
 §
 Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Eric Overstreet ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, and pertinent parts of the record in Case No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant was named in a two-count indictment charging him in count two with conspiracy to possess with intent to distribute a controlled substance, in violation of

21 U.S.C. § 846. CR Doc.[1] 37. On March 18, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 202. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 204. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and correct. CR Doc. 658.

Pursuant to the PSR, movant's base offense level was 38. CR Doc. 292 ¶ 42. Movant received four two-level enhancements for

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action, No. 4:16-CR-21-A.

possession of a dangerous weapon, id. ¶ 43, use of violence or credible threat to use violence, id. ¶ 44, importation from Mexico, id. ¶ 45, and maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 46. Movant received a three-level enhancement for his role as a manager or supervisor. Id. ¶ 48. He received a three-level reduction for acceptance of responsibility. Id. ¶¶ 52, 53. Based on his total offense level of 43 and criminal history category of IV, movant's guideline imprisonment range was life. However, the statutorily authorized maximum sentence was twenty years; accordingly, the guideline range became 240 months. Id. ¶ 131.

Movant filed objections to the PSR. CR Doc. 424. Among them, he objected to the enhancements for possession of a weapon and use of violence or credible threat, which were based on information provided by Joe Cortez, Jr. ("Cortez"). Id. at 3. Cortez had assisted movant in obtaining methamphetamine. CR Doc. 292 ¶ 22. According to Cortez, movant had accused Cortez of trying to rob him and brandished a gun at Cortez. Id. ¶ 23. Movant said that Cortez's statements were unreliable hearsay. CR Doc. 424 at 3. The probation officer prepared an addendum to the PSR, explaining among other things why Cortez's testimony was believed to be reliable. CR Doc. 343 at 3. The addendum also disclosed additional information regarding movant's mental and

3

emotional health, substance abuse, and participation in special education classes. Id. at 6-7. Movant filed objections to the addendum, again complaining about the information provided by Cortez. CR Doc. 425. Movant also filed a sentencing memorandum, arguing that movant had been treated for, and continued to suffer from, a degree of mental illness and intellectual disability. CR Doc. 387. By order signed July 5, 2016, the court notified movant that it had tentatively concluded his objections were without merit. CR Doc. 402.

On July 12 2016, movant was sentenced to a term of imprisonment of 240 months, to be followed by a three-year term of supervised release. CR Doc. 427. At the sentencing hearing, the court heard evidence regarding the reliability of Cortez and overruled movant's objection based thereon. CR Doc. 603 at 23-24. And, the court noted, that even without Cortez's statement, the firearm enhancement would have been proper based on possession of firearms by others in jointly undertaken drug trafficking. Id. The court also heard evidence in support of the government's motion for downward departure. Id. at 44-50. The court found that movant provided substantial assistance to the government. Id. at 52. In his statement regarding sentencing, movant's attorney again reminded the court that movant was suffering from a mental disability. Id. at 53. The court noted that if movant had been

4

charged with his true offense conduct, his guideline range would have been life imprisonment. Id. at 57. Given his terrible criminal history and all of the factors the court had to consider, the only sentence that could be imposed was 240 months. Id. at 57-58.

Movant appealed and his sentence was affirmed. United States v. Overstreet, 693 F. App'x 374 (5th Cir. 2017). His petition for writ of certiorari was denied. Overstreet v. United States, 138 S. Ct. 462 (2017).

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion. In his first two grounds, movant says that his counsel was ineffective by: (1) failing to support, with documentation, movant's mental and learning disabilities, Doc.[2] 1 at PageID[3] 4, and (2) failing to offer rebuttal to the hearsay statements of Cortez, id. at PageID 8. In his third ground, movant says that he was denied a three-point reduction in base offense level for acceptance of responsibility. Id. at PageID 11. And, in his fourth ground, he says that double counting occurred when his base offense level

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

5

was enhanced twice for the same conduct--use of a pistol to make a threat. Id. at PageID 12.

### III.

### Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

7

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant recites the provisions of USSG § 5K2.13 and § 5K2.10 and urges that neither was utilized by his counsel to show that the two-level enhancements for using a firearm and making a threat should not have been applied. Doc. 1 at PageID 4-7. He says that the court blindly accepted the government's hearsay proof since his counsel failed to rebut it. Id. at PageID 6. He further says that his counsel failed to seek a downward departure based on his diminished mental capacity, learning disabilities, and Cortez's provocation. Id. at PageID 6-7. And, finally, he says that counsel failed to inform him that, since his offense was a

8

specific intent crime, the jury would have been instructed on movant's diminished mental capacity. Id. at PageID 7.

The record does not support the contention that movant's counsel was ineffective in any of the respects argued. Counsel did, in fact, file a motion for downward departure or variance based on § 5K2.13. CR Doc. 320. He also mentioned movant's disability in the sentencing memorandum he filed on behalf of movant. CR Doc. 387. And, at sentencing, he argued that movant's disability should be taken into account. CR Doc. 427 at 53. Although counsel did not seek relief based on USSG § 5K2.10, that provision had no bearing on movant's case, as it applies to "offense behavior" and not enhancements. Counsel cannot have been deficient in failing press a frivolous point. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). As for what the jury might have been instructed, movant offers only speculation, which is insufficient to support an ineffective assistance claim. Miller, 200 F.3d at 282. To the extent movant may be saying that he was not fully apprised before deciding to plead guilty, the record is clear that movant had the mental capacity to plead guilty and that his plea was knowing and voluntary. Moreover, movant has made no attempt to show that the outcome of the proceedings would have been different had he chosen to go to trial. The only conclusion to be drawn is that movant's sentence

would not have been any more favorable, since the government would not have filed, and the court would not have granted, a motion for downward departure.

In his second ground, movant argues that his counsel was ineffective by not offering rebuttal to the hearsay statements of Cortez. Doc. 1 at PageID 8-9. Movant is mistaken. His attorney repeatedly raised the credibility of Cortez, but his objections were overruled. Counsel even pressed the issue on appeal, but the argument was foreclosed in the Fifth Circuit. Overstreet, 693 F. App'x at 375. The issue cannot be raised again here. United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). To the extent he argues that his counsel erred in failing to have him testify to rebut Cortez's statements, movant has not shown what testimony he would have given, much less that it would have made any difference in his sentence.

In his third ground, movant argues that he was denied a three-point reduction in base offense level for acceptance of responsibility, thereby requiring resentencing. Doc. 1 at PageID 11. He seems to be arguing that the court erred in making the three-point reduction from his base offense level rather than the 240-month guideline range. Id. The argument is unsupported and does not make sense. The probation officer correctly calculated the guideline range. See United States v. Rico, 864 F.3d 381, 383

(5th Cir. 2017); United States v. DeGonzalez, No. 2:14-302, 2017 WL 3600448, at *1 (S.D. Tex. Aug. 18, 2017). But, even if the calculation was erroneous, this is an issue that could and should have been raised on appeal and cannot be raised here. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). To the extent movant intended to argue that his counsel was ineffective for failing to raise the issue on appeal, he has not shown that, had the issue been raised, there is a reasonable probability the outcome would have been different.

Finally, movant argues that double counting occurred when his base offense level was enhanced twice for the same conduct, i.e., the alleged threat against Cortez. Doc. 1 at PageID 12. The law in the Fifth Circuit is clear that double counting is prohibited only if it is specifically forbidden by express language in the guideline at issue. United States v. Calbat, 266 F.3d 358, 364 (5th Cir. 2001). Movant does not cite to any such language here. The cases he cites are not in point. See, e.g., United States v. Kroeger, 229 F.3d 700 (8th Cir. 2000)(violation of instruction to use particular table); United States v. Kennedy, 578 F. App'x 582 (6th Cir. 2014)(because court failed to consider an argument that guideline range double counted prior offenses, remand was appropriate). Rather, like United States v. Smith, 681 F. App'x 483 (6th Cir. 2017), this is a case where

11

improper calculation --assuming it occurred (and it did not)--did not prejudice movant. His offense level would still have resulted in a guideline range that exceeded the statutory maximum and would have been limited thereby.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 18, 2018.

JOHN McBRYDE
United States District Judge